


FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 0 4 2003

at __ o'clock and __ min. __ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 02-00040 HG |
| Plaintiff, ) | |
| vs. ) | **ORDER DENYING DEFENDANT DOUGLAS CHRISTIAN'S MOTION FOR JUDGEMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL** |
| DANIEL FARMER,          (01) ) | |
| LOVINA L. FARMER,       (02) ) | |
| DOUGLAS CHRISTIAN,      (03) ) | |
| DONNA CHRISTIAN,        (04) ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT DOUGLAS CHRISTIAN'S MOTION
FOR JUDGEMENT OF ACQUITTAL NOTWITHSTANDING THE
VERDICT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

On June 2, 2003, a jury convicted Defendant Douglas Christian ("Defendant") of knowingly and intentionally conspiring to import into the United States fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(b)(1), and 963; of knowingly and intentionally importing into the United States fifty grams or more of methamphetamine in violation of 21 U.S.C. § 952(a); of knowingly and intentionally conspiring to distribute and to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and of knowingly and

intentionally attempting to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846.

On June 10, 2003, Defendant filed a Motion for Judgement of Acquittal Notwithstanding the Verdict, or, in the Alternative, for a New Trial in accordance with Federal Rule of Criminal Procedure 29(c). Defendant moves to set aside the verdict of guilty returned against him and requests an entry of a judgment of acquittal of any offense charged in the indictment. Alternatively, Defendant moves to set aside the guilty verdict and for the Court to grant him a new trial.

On June 19, 2003, the government filed an opposition to Defendant's motion.

On July 9, 2003, the Court, having considered the pleadings, evidence, authority and arguments by the parties in their memoranda, DENIED Defendant's Motion for Judgement of Acquittal Notwithstanding the Verdict, or, in the Alternative, for a New Trial by minute order. This Order provides the analysis that is the basis of the denial of the motion.

## STANDARD OF REVIEW

In considering a post-trial Rule 29(c) motion, the district court must determine whether there was relevant evidence from which the jury could reasonably find the defendant guilty beyond

a reasonable doubt. <u>United States v. Brandon</u>, 633 F.2d 773, 780 (9th Cir. 1980). The Court reviews the evidence in the light most favorable to the government. <u>Id.</u>

## **ANALYSIS**

Defendant summarily sets forth nine bases to set aside the jury verdict:

(1) The verdict is contrary to the weight of the evidence;

(2) The verdict is not supported by substantial evidence;

(3) The Court erred in disclosing to the jury prior to opening statements that Defendant had been convicted in state court of a narcotics offense in 1990 and in permitting the government to cross-examine a defense witness, Keola Christian, about his father's conviction;

(4) The Court erred in failing to dismiss the indictment upon the grounds that the notes taken by police officer Russell Komoda of his interview with Defendant on January 18, 2002 had been destroyed, particularly when no video or voice recording had been made;

(5) The court erred when it restricted defense counsel from cross-examining the government's witnesses;

(6) The Court erred in recharging the jury improperly following receipt of jury questions 3 and 4 in a manner

3

prejudicial to Defendant and over defense counsel's objection;

(7) The Court erred in denying Defendant's motion to suppress evidence obtained from the DHL parcel both prior to and after the controlled delivery, and in admitting said evidences at the trial against him in violation of his constitutional rights;

(8) The Court erred in denying Defendant a <u>Franks</u> hearing; and

(9) As a matter of law, there was reasonable doubt as to Defendant's guilt.

A. **The verdict is supported by substantial evidence and is not contrary to the weight of the evidence**

The jury's verdict on all four counts of conspiring to import, importing, conspiring to distribute and possess with intent to distribute, and attempting to possess with intent to distribute fifty grams or more of methamphetamine was supported by substantial evidence.

The testimony of law enforcement officers established that a parcel from the Philippines containing 264.1 grams of methamphetamine was addressed and delivered to Defendant at his Wili Road residence on Kauai on January 17, 2002. Defendant's son Keola Christian testified that he told Defendant and his

4

step-mother co-Defendant Donna Christian that a DHL parcel had arrived. Co-Defendant Donna Christian accepted the parcel on behalf of Defendant.

There was circumstantial evidence that Defendant was aware of the parcel's contents and agreed to possess the parcel with intent to distribute it. The evidence established that Defendant and co-Defendant Donna Christian transported the parcel in their vehicle to the Farmer residence in Puhi, Kauai. Law enforcement was able to monitor the parcel through the use of a beeper inside the parcel. Law enforcement testified that Defendant took an indirect, circuitous route to the Farmer residence and drove in a manner that was consistent with drug traffickers who are conducting countersurveillance to avoid detection from law enforcement. Upon arriving, Defendant parked his car in front of the Farmer residence.

The evidence demonstrated that co-Defendant Donna Christian took the parcel into the Farmer residence, where the parcel and its contents were subsequently handled by co-defendants Donna Christian, Daniel Farmer, and Lovina Farmer. The parcel and its contents were found in the garage ceiling and under a vehicle, indicating an attempt to hide or secret the parcel. An ice pipe with residue was found in the vicinity of the parcel suggesting

that someone expected drugs and would be sampling the contents of the parcel.

Defendant admitted to being an ice user and to receiving ice from Daniel Farmer and Santiago Leones, Mrs. Farmer's brother, for free on numerous occasions. Defendant also admitted that he knew Leones was an ice dealer and that he smoked ice on several occasions at the Farmer residence with the Farmers and Leones. Lastly, Defendant admitted to receiving three previous parcels on behalf of co-defendants Daniel and Lovina Farmer and Santiago Leones on prior occasions.

The direct and circumstantial evidence presented at trial was sufficient to establish proof beyond a reasonable doubt of Defendant's guilt on all four counts.

**B.   Defendant is not entitled to an acquittal or new trial because the Court gave a Federal Rule of Civil Procedure 404(b) limiting instruction regarding Defendant's prior conviction before opening statements**

Prior to trial, Defendant filed a motion in limine to exclude evidence relating to Defendant's prior conviction in state court for promoting a dangerous drug. By minute order filed on May 23, 2003, the Court denied the motion. As explained in the minute order, the Court ruled that Defendant's prior conviction was probative of Defendant's knowledge and intent, which were Defendant's sole defenses. See United States v.

Martinez, 182 F.3d 1107 (9th Cir. 1999). The Court gave Ninth Circuit Model Jury Instruction 2.10 limiting instruction in order to avoid any undue prejudice.

The government informed the Court that she intended to reference Defendant's prior conviction in her opening statement. The Court queried Defendant as to whether he wanted the Court to read the limiting instruction before or after opening statements. Defendant chose to have the limiting instruction read to the jury before opening statements. Defendant cannot now claim error for his strategic choice.

Nor was there any error when the government questioned Keola Christian's knowledge of his father's prior conviction. Prior to the government's questioning, the Court had given the limiting instruction several times. Keola Christian testified on direct examination that he had never seen Defendant deal drugs. The government's question regarding Keola Christian's knowledge of his father's conviction on cross examination was therefore relevant.

Moreover, Defendant waived any error as to the government's line of questioning since he did not object during trial. Marbled Murrelet v. Babbitt, 83 F.3d 1060, 1066 (9th Cir. 1996) (a party waives the right to raise admissibility issues on appeal if it fails to object to evidence at trial and to request a

ruling on such an objection); Slaven v. American Trading Transp. Co., 146 F.3d 1066, 1069 (9th Cir. 1998); see also Fed. R. Evid. 103(a)(1) (a party may not raise admission of evidence on appeal unless a substantial right of the party is affected and a timely objection was made).

C. **Defendant is not entitled to an acquittal or new trial because the Court refused to dismiss the indictment based on the government's inability to produce handwritten notes of Defendant's interview**

During trial, Defendant sought dismissal of the indictment on the grounds that Sergeant Russell Komoda's notes of his interview with Defendant had been destroyed.

The Court heard lengthy testimony during the hearing on the motions to suppress regarding the circumstances surrounding the taking of Defendant's statement. The Court ruled that Defendant's statement was voluntary and not coerced.

At trial, Sergeant Komoda testified that he and Officer Damien Mendiola interviewed Defendant subsequent to his arrest and waiver of his Miranda rights. Sergeant Komoda testified that he took notes of Defendant's interview and then gave the notes to Officer Mendiola, who used the notes to type a final written statement that Defendant reviewed, initialed, and signed. He also testified that Defendant made a number of corrections to the

statement, which Officer Mendiola incorporated into the final statement.

Defense counsel inquired about the whereabouts of the handwritten notes used to prepare Defendant's final typewritten statement. Sergeant Komoda testified that he did not keep his handwritten notes of the interview because Defendant's statement was reduced to writing and adopted by Defendant. No error arises from the government's failure to produce the handwritten notes of Defendant's interview where Defendant had an opportunity to review the statement, make corrections, and ultimately adopted the statement as his own. United States v. Griffin, 659 F.2d 932, 940-41 (9th Cir. 1981). Even if there was an error, it would not warrant dismissal of the indictment.

D. **Defendant is not entitled to an acquittal or new trial because he was limited to cross-examining the government's witnesses on matters testified to on direct examination**

In accordance with Federal Rule of Evidence 611(b), defense counsel was limited to subject matters explored on direct examination when cross-examining the government's witnesses. In particular, Defendant's cross-examination of DEA Special Agent Richard Jones was limited to Agent Jones' testimony on direct.[1] The Court informed defense counsel that if he wished to explore

---

[1] Defendant's motion does not specify which witnesses he believes he was restricted in cross-examining.

areas outside the scope of direct examination, he could call Agent Jones as a witness in his case-in-chief. In fact, defense counsel did call Agent Jones as a defense witness and had the opportunity to inquire about matters to which he was limited on cross-examination. Defendant, therefore, cannot demonstrate any prejudice or error.

E. **Defendant is not entitled to an acquittal or new trial on the basis of the Court recharging the jury**

Defendant claims that the Court erred in recharging the jury improperly following receipt of jury questions # 3 and 4 in a manner prejudicial to Defendant and over his objection. Although Defendant states that he is objecting to the responses to jury questions # 3 and 4, Defendant objected to the responses to jury questions # 1, 2, and 3 at the hearing. Defendant stated that he did not object to the response to jury question # 4. The Court will therefore consider whether an error was made in recharging the jury on jury questions # 1, 2, and 3.

1. **Response to jury question # 1**

In jury question #1, the jury asked for further clarification on the meaning of mere preparation and substantial step. The jury also asked for examples of "mere preparation". The Court provided counsel with copies of several Ninth Circuit Court cases discussing "mere preparation" and "substantial step"

and invited the parties to draft a response. With the assistance of the government, the Court fashioned the following response to jury question # 1, "The difference between 'mere preparation' and 'a substantial step' is one of degree. To be 'a substantial step', the defendant's conduct must be necessary to the completion of the crime and undertaken with the design to commit the particular crime charged."

Defense counsel objected to the response on the basis that the response did not benefit his client. His position was not to give the jury any further clarification. The response to jury question 1, however, was an accurate statement of law. See United States v. Nelson, 66 F.3d 1036, 1042-44 (9th Cir. 1995); Walters v. Maass, 45 F.3d 1355, 1358-59 (9th Cir. 1995); United States v. Scott, 767 F.2d 1308, 1311-12 (9th Cir. 1985). There can be no error if the Court's instructions correctly state the law and adequately cover the issues presented. United States v. Marsh, 26 F.3d 1496, 1502 (9th Cir. 1994) (citing United States v. Powell, 955 F.2d 1206, 1210 (9th Cir. 1991).

### 2. Response to jury question # 2

In jury question # 2, the jury asked whether Defendant needed to have prior knowledge that he knew he was in possession of 50 grams or more of methamphetamine to be in violation of 21 U.S.C. § 841(a). The Court responded, "It does not matter

whether the defendant knew that the substance was methamphetamine, its salts, isomers, and salts of its isomers. It is sufficient that the defendant knew that it was some kind of prohibited drug."

The Court's response is an accurate statement of the law. See United States v. Carranza, 289 F.3d 634, 643-44 (9th Cir.), cert. denied, 537 U.S. 1037 (2002). Although defense counsel admitted that the response was a correct statement of the law, defense counsel objected to the response because the original instruction was more beneficial to his client. The Court's response was necessary in order to prevent the jury from erroneously applying the law. Marsh, 26 F.3d at 1502.

### 3. Response to jury question # 3

Similarly, in jury question # 3, the jury asked whether Defendant needed to have prior knowledge that he knew he was in possession of a specific amount of illegal drugs and whether they had to be "absolutely positive" that the defendant knew he had 50 grams or more of methamphetamine in his possession in order to find Defendant found guilty of Counts 3 and 4, the attempt and substantive importation counts. The jury emphasized the phrase "50 grams or more" of methamphetamine by circling it.

Relying on Carranza, 289 F.3d at 643-44, the Court responded, in part, "The government does not have to prove that

12

the defendant knew the type or amount of drug in his possession. All that the defendant has to know is that he was in possession of some kind of prohibited drug." The Court also referred the jury to instruction number three regarding the applicable standard of proof, reasonable doubt, and the stipulation regarding the amount of drugs involved.

Defense counsel admitted that the original jury instruction was confusing, but objected because he thought the original instruction was more helpful to the defense. The Court's response, however, was an accurate statement of the law and was necessary in order to prevent the jury from erroneously applying the law. There was no error necessitating an acquittal or new trial. Marsh, 26 F.3d at 1502.

### F. Defendant is not entitled to an acquittal or new trial based on the denial of Defendant's motion to suppress the evidence

Defendant claims that the Court erred in denying Defendant's motion to suppress the evidence obtained from the DHL parcel both prior to and after the controlled delivery and in admitting said evidences at the trial against him in violation of his constitutional rights.

The Court took lengthy testimony over the course of three days on the motions to suppress and carefully considered the parties' briefs and oral arguments. The Court denied the motions

to suppress on May 2, 2003 followed by a lengthy written order filed on September 4, 2003. Defendant does not offer any basis that would warrant reconsideration of its rulings on the motions to suppress or a judgment notwithstanding the verdict.

G. **Defendant is not entitled to an acquittal or new trial based on the denial of a Franks hearing**

Defendant also reasserts his right to a Franks hearing in connection with his motion to suppress. Defendant was denied a Franks hearing on April 29, 2003 for the reasons articulated in the Court's Order filed on September 4, 2003.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgement of Acquittal Notwithstanding the Verdict, or, in the Alternative, for a New Trial is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 4, 2003.

HELEN GILLMOR
United States District Judge

---

United States v. Farmer, et al., Crim. No. 02-00040 HG; Order Denying Defendant Douglas Christian's Motion for Judgement of Acquittal Notwithstanding the Verdict, or, in the Alternative, for a New Trial